Mr. Justice Thacher
delivered the opinion of the court.
Mawry filed his bill to compel Dick and Hill, and Hundley to interplead under the following circumstances: Hill, by letter, authorized Mawry to obtain from Spencer the release of a certain mortgage held by Spencer and Hooper, the mortgagees, upon a tract of land purchased by N. & J. Dick & Co., and to pay therefor the sum of $5000 out of money to be collected for them. Mawry obtained the written release of the mortgage from Spencer and Hooper, the assignment and delivery of one note mentioned in the mortgage and the assignment, and a promise to deliver another, also mentioned therein, when it should have been paid by Spencer and Hooper. Mawry, in return, gave Spencer his undertaking to pay him $5000, as directed in the letter of Hill, and at that time, or shortly after, made him a cash payment of $3000. Subsequently, Spencer, being indebted to Hundley, settled with him, by transferring to him the amount still remaining to be paid by the undertaking of Mawry, and Mawry, upon receiving from Hundley the acceptance of the payment to be made to Spencer, entered into an undertaking to pay Hundley the amount unpaid. The second note, spoken of above, has never been delivered to Mawry, but it appears from the evidence, that, anterior to the date of Spencer’s promise to deliver it up, a judgment had been obtained upon it against Spencer in the United States circuit court for Mississippi, by the holder, a stranger to these proceedings, who still held the judg *456 ment unsatisfied, and who designed to pursue his remedy for satisfaction as subrogatee under the mortgage.
Mawry’s agency for Hill was to procure a release of the mortgage from Spencer. The mortgage in this instance was an indemnity to Spencer and Hooper against their liability as indors-ers for Sims, the mortgagor, and principal debtor in the notes, but a creditor, the holder of the note or notes, would be entitled to the benefit, and might in equity reach such security to satisfy his debt. 1 Story Eq. 481, § 502. The indorsement of the note, even thus secured by the mortgages, by Spencer, carried the benefit of the mortgage along with it to the assignee or holder. 6 S. & M. 139. It appears from Mawry’s transaction with Spencer, that he was apprized that there was still an outstanding unpaid note, which was included in the mortgage, because in their release they undertake to deliver the remaining note “ when it shall have been paid by them,” and this release was made after the maturity of that note. Therefore it is manifest, in the first place, that Mawry did not perform the transaction required by his agency. In the next place, Mawry exceeded his authority in changing the contract of payment from Spencer to Hundley. He had no authority to make a direct promise to Hundley. Story’s Agency, 166. Therefore, as between Hundley and Hill, the latter is entitled to receive the money as the terms upon which it was otherwise to have been disposed of were not complied with.
The decree of the superior court of chancery is therefore reversed, and a decree ordered to be entered up, directing the amount in the receivers hands to be paid to the survivors of the firm of N. & J. Dick & Co.